1  Rosemary M. Rivas (SBN 209147)
   LEVI & KORSINSKY LLP
2  44 Montgomery Street, Suite 650
   San Francisco, CA 94104
3  Telephone:      (415) 291-2420
   Facsimile:      (415) 484-1294
4  rrivas@zlk.com

5  *Attorneys for Plaintiff The Vladimir Gusinsky*
   *Rev. Trust*

6

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 THE VLADIMIR GUSINSKY REV.              **Case No.: 4:17-cv-01468-PJH**
   TRUST, On Behalf of Itself and All
12 Others Similarly Situated,

13                      Plaintiff,          **CLASS ACTION**

14           v.                             **STIPULATION AND [PROPOSED]**
                                            **ORDER CONCERNING PLAINTIFF'S**
15 ULTRATECH, INC., ARTHUR W.               **VOLUNTARY DISMISSAL OF THE**
   ZAFIROPOULO, RONALD BLACK,               **ABOVE ACTION AND PLAINTIFFS'**
16 MICHAEL CHILD, PARAMESH GOPI,            **COUNSEL'S ANTICIPATED**
   BEATRIZ INFANTE, DENNIS RANEY,           **APPLICATION FOR AN AWARD OF**
17 HENRI RICHARD, VEECO                     **ATTORNEYS' FEES AND EXPENSES**
   INSTRUMENTS INC., and ULYSSES
18 ACQUISITION SUBSIDIARY CORP.,

19                      Defendants.

20      WHEREAS, on February 2, 2017, Ultratech, Inc. ("Ultratech" or the "Company") and

21 Veeco Instruments Inc. ("Parent") announced that they had entered into an Agreement and Plan

22 of Merger (the "Merger Agreement"), dated as of February 2, 2017, among Ultratech, Parent,

23 and Parent's wholly owned subsidiary, Ulysses Acquisition Subsidiary Corp. ("Merger Sub," and

24 together with Parent, "Veeco") pursuant to which Merger Sub would acquire all of the

25 outstanding shares of Ultratech and Ultratech stockholders would receive $21.75 per share in

26 cash and 0.2675 shares of Veeco stock per share of Ultratech common stock (the "Transaction");

27

28

- 1 -
STIPULATION AND [PROPOSED] ORDER CONCERNING PLAINTIFF'S VOLUNTARY
DISMISSAL OF THE ABOVE ACTION AND PLAINTIFFS' COUNSEL'S ANTICIPATED
APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

1  WHEREAS, on March 13, 2017, Ultratech filed a Preliminary Proxy Statement on

2  Schedule 14A (the "Preliminary Proxy") with the SEC. Among other things, the Preliminary

3  Proxy (i) summarized the Merger Agreement, (ii) provided an account of the events leading up to

4  the execution of the Merger Agreement, (iii) stated that Ultratech's board of directors determined

5  that the Transaction was in the best interests of Ultratech's stockholders and recommended that

6  the Company's stockholders vote in favor of the Transaction, and (iv) summarized the basis for

7  the fairness opinion by Merrill Lynch, Pierce, Fenner & Smith Incorporated, the financial advisor

8  to Ultratech;

9  WHEREAS, on March 17, 2017, plaintiff The Vladimir Gusinsky Rev. Trust filed a

10  purported class action lawsuit in the District Court for the Northern District of California on

11  behalf of itself and other public stockholders of Ultratech, challenging the adequacy of the

12  disclosures made in the Preliminary Proxy, captioned *The Vladimir Gusinsky Rev. Trust v.*

13  *Ultratech, Inc., et al.*, Case No. 4:17-cv-01468-PJH (the "Vladimir Gusinsky Action");

14  WHEREAS, on March 22, 2017, plaintiffs Michel De Letter and Elizabeth De Letter (the

15  "De Letter Plaintiffs," and together with The Vladimir Gusinsky Rev. Trust, "Plaintiffs") filed a

16  purported class action lawsuit in the District Court for the Northern District of California, on

17  behalf of themselves and other public stockholders of Ultratech, challenging the adequacy of the

18  disclosures made in the Preliminary Proxy, captioned *De Letter v. Ultratech, Inc., et al.*, Case

19  No. 3:17-cv-01542-WHA (the "De Letter Action");

20  WHEREAS, the Vladimir Gusinsky Action alleges, among other things, that Defendants

21  Ultratech, Arthur W. Zafiropoulo, Ronald Black, Michael Child, Paramesh Gopi, Beatriz Infante,

22  Dennis Raney, Henri Richard, and Veeco (collectively, "Defendants") committed disclosure

23  violations under Sections 14(a) and 20(a) of the Securities and Exchange Act of 1934 (the

24  "Exchange Act"), and Rule 14a-9 promulgated thereunder;

25  WHEREAS, the De Letter Action makes the same allegations against Defendants

26  Ultratech, Arthur W. Zafiropoulo, Ronald Black, Michael Child, Paramesh Gopi, Beatriz Infante,

27  Dennis Raney, and Henri Richard;

28

STIPULATION AND [PROPOSED] ORDER CONCERNING PLAINTIFF'S VOLUNTARY
DISMISSAL OF THE ABOVE ACTION AND PLAINTIFFS' COUNSEL'S ANTICIPATED
APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

1     WHEREAS, after negotiations between the parties in the Vladimir Gusinsky Action and

2 the De Letter Action, on April 24, 2017, Ultratech filed its Definitive Proxy Statement on

3 Schedule 14A (the "Definitive Proxy") with the SEC containing supplemental disclosures to the

4 Preliminary Proxy (the "Supplemental Disclosures");

5     WHEREAS, Plaintiffs in the Vladimir Gusinsky Action and the De Letter Action agree

6 that as a result of the filing of the Supplemental Disclosures, the disclosure issues related to the

7 Transaction identified in both complaints have become moot;

8     WHEREAS, no class has been certified in either the Vladimir Gusinsky Action or the De

9 Letter Action;

10     WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly

11 or indirectly to Plaintiffs or their attorneys and no promise, understanding, or agreement to give

12 any such compensation has been made, nor have the parties had any discussions concerning the

13 amount of any mootness fee;

14     WHEREAS, on May 18, 2017, the court presiding over the De Letter Action sua sponte

15 referred the De Letter Action to this Court to determine whether it is related to the Vladimir

16 Gusinsky Action;

17     WHEREAS, on May 25, 2017, this Court determined that the De Letter Action is related

18 to the Vladimir Gusinsky Action, and, therefore, reassigned the De Letter Action to this Court;

19     WHEREAS, Plaintiffs' Counsel believe they may assert a single claim for a fee in

20 connection with the prosecution of the Vladimir Gusinsky Action and the De Letter Action and

21 the issuance of the Supplemental Disclosures, and have informed Defendants of their intention to

22 petition for such a fee if their claim cannot be resolved through negotiations between counsel for

23 Plaintiffs and Defendants (the "Fee Application");

24     WHEREAS, the parties agree that the Vladimir Gusinsky Action was filed before the De

25 Letter Action and that any Fee Application relating to the Supplemental Disclosures will be filed

26 only in the Vladimir Gusinsky Action and not in the De Letter Action; and

27     WHEREAS, all of the Defendants in the Action reserve all rights, arguments and

28 defenses, including the right to oppose any potential Fee Application.

STIPULATION AND [PROPOSED] ORDER CONCERNING PLAINTIFF'S VOLUNTARY
DISMISSAL OF THE ABOVE ACTION AND PLAINTIFFS' COUNSEL'S ANTICIPATED
APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys for the respective parties:

1.  The Vladimir Gusinsky Rev. Trust hereby agrees to voluntarily dismiss the Vladimir Gusinsky Action with prejudice as to only the named plaintiff and without prejudice as to the putative class pursuant to Fed. R. Civ. P. 41(a)(1);

2.  Because the dismissal is as to The Vladimir Gusinsky Rev. Trust only and no class has been certified, and because no consideration or compensation has been given or promised to The Vladimir Gusinsky Rev. Trust or its counsel, no notice of this dismissal is required to the putative class;

3.  The parties requests that this Court retain continuing jurisdiction over the parties in the Vladimir Gusinsky Action solely for purposes of further proceedings related to the adjudication of Plaintiffs' Fee Application. If the parties reach an agreement to compromise and resolve the Fee Application, they will notify this Court. If no agreement can be reached, Plaintiffs will file the Fee Application no later than July 14, 2017;

4.  This Stipulation is not intended to, and shall not, waive or prejudice any right or argument that may be asserted or presented by Plaintiffs or Defendants in support of or in opposition to any claim by Plaintiffs for attorneys' fees and expenses;

5.  The Vladimir Gusinsky Action is dismissed with prejudice as to only the named plaintiff and without prejudice as to the putative class forthwith; and

6.  All other dates are vacated.

STIPULATION AND [PROPOSED] ORDER CONCERNING PLAINTIFF'S VOLUNTARY DISMISSAL OF THE ABOVE ACTION AND PLAINTIFFS' COUNSEL'S ANTICIPATED APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

/s/ Rosemary M. Rivas
Rosemary M. Rivas (SBN 209147)
LEVI & KORSINSKY LLP
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone:    (415) 291-2420
Facsimile:    (415) 484-1294
Email:        rrivas@zlk.com

*Attorneys for Plaintiff The Vladimir
Gusinsky Rev. Trust*

/s/ Matthew W. Close
Matthew W. Close (SBN 188570)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071–2899
Telephone:    (213) 430-6000
Facsimile:    (310) 430-6407
Email:        mclose@omm.com

*Attorneys for Defendants Ultratech, Inc.,
Arthur W. Zafiropoulo, Ronald Black,
Michael Child, Paramesh Gopi, Beatriz
Infante, Dennis Raney and Henri Richard*

/s/ Erik J. Olson
Erik J. Olson (SBN 175815)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304–1018
Telephone:    (650) 813-5825
Facsimile:    (650) 494-0792
Email:        ejolson@mofo.com

*Attorneys Defendants Veeco Instruments
Inc. and Ulysses Acquisition Subsidiary
Corp.*

## **ATTESTATION**

I hereby attest that the other signatories listed, on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.


Dated: May 25, 2017

By: ___/s/ Matthew W. Close_____
        Matthew W. Close




SO ORDERED this _____26th_____ day of __May___, 2017

_____
Honorable Phyllis J. Hamilton
United States District Court Judge

- 5 -

STIPULATION AND [PROPOSED] ORDER CONCERNING PLAINTIFF'S VOLUNTARY
DISMISSAL OF THE ABOVE ACTION AND PLAINTIFFS' COUNSEL'S ANTICIPATED
APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES